IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES EARL GEORGE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-189 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| RICHARD GIGLIOTTI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Renewed Motion to Dismiss filed by Dr. Wilcox (Doc. 45) and the Motion to Dismiss filed by Defendants Richard Gigliotti and Butler County Prison (Doc. 52) be granted, and that the Motion to Dismiss the Amended Complaint filed by Defendants Salopek and Neigh (Doc. 61) be denied.

### II. REPORT

James Earl George ("George" or "Plaintiff") is a state prisoner currently incarcerated in the Butler County Prison. George alleges in his Amended Complaint that he complained of pain in his testicles while incarcerated at the Lawrence County Jail in October, 2007 (Doc. 34, Att. 2, ¶2). At that time, he was treated by Dr. Ulhaq for a urinary tract infection. Plaintiff complained again of pain in his testicles on November 5, 2007 (Id., at ¶6). Blood and urine samples were taken, but he was thereafter transferred to the Butler County Prison on November 6, 2007, when he began treating with another prison physician (Id., at ¶¶6-7).

Defendant Dr. Wilcox began treating Plaintiff upon his arrival at the Butler County Prison. Dr. Wilcox diagnosed a "blockage in the groin" and prescribed an antibiotic to Plaintiff (Id., at ¶7). Plaintiff alleges that he began feeling strange, and that a psychiatric nurse informed him that Dr. Ulhaq prescribed new psychiatric medications, but failed to inform Plaintiff that he was not receiving his "regular" psychiatric medications (Id., at ¶¶ 9-11)[1]. Plaintiff alleges that the presence of these medications in his system led him to request a single cell and, ultimately, led to a confrontation with several guards on November 26, 2007, when Plaintiff allegedly was assaulted during a cell extraction (Id., at ¶¶ 9-14). Plaintiff was given medication for bruised ribs after being examined by Dr. Wilcox on December 26, 2007 (Id., at ¶17).

Defendant Dr. Wilcox moves to dismiss (Doc. 45) on the basis that there are no allegations that he was deliberately indifferent to a serious medical need. Defendants Gigliotti and Butler County Prison move to dismiss (Doc. 52) on the basis that Plaintiff has failed to allege facts that would permit a finding of either supervisory or municipal liability. Defendants Salopek and Neigh move to dismiss (Doc. 61) and rely upon the motion and brief filed by Defendants Gigliotti and Butler County Prison.

A. **Applicable Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if no relief could be granted under any set of facts that could prove consistent with the allegations in the Amended Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). As the United States Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. at 1974.

---

[1] Plaintiff later identifies his regular medications as Lithium and Trazodone (Doc. 49, ¶7).

B.      **Analysis.**

Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). In the context of a claimed denial of medical treatment, an inmate must prove two elements to establish a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id. There is no dispute that George was suffering from a serious medical condition. Nevertheless, even where a serious medical condition is alleged, a prisoner also must allege facts that would permit a jury to conclude that the defendant prison officials acted with a sufficiently culpable state of mind. Twombly, 127 S. Ct. at 1965 ("[f]actual allegations must be enough to raise a right above the speculative level"). Generally speaking, an **intentional** refusal to provide **any** medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable. Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992). Even where no treatment is provided, however, there must be facts alleged from which an inference may be made that the failure to provide treatment was, in fact, intentional or deliberately indifferent to an inmate's serious medical need. The Supreme Court has explicitly stated that "in the medical context, an **inadvertent** failure to provide medical care" does not rise to the level of deliberate indifference. Gamble, 429 U.S. at 105-106 (emphasis supplied). Medical malpractice does not serve as a basis for a Section 1983 claim. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

Plaintiff's Amended Complaint does not make clear how he believes Dr. Wilcox was deliberately indifferent to his serious medical needs. He alleges only that Dr. Wilcox treated him for a blockage in his groin on November 6, 2007, and also provided treatment for bruised ribs on December 26, 2007. These allegations do not even permit an inference of negligence, much less

of deliberate indifference. Plaintiff merely argues in his brief (Doc. 56) that he should have been treated by a urologist, i.e., Plaintiff argues he should have been given more or different medical treatment from that provided.

Where treatment is offered, as it was in this case, the mere allegation of an opinion difference between a patient and a doctor, or even between two medical professionals, does not amount to "deliberate indifference to a serious medical need." White, 897 at 110 ( "there may ... be several acceptable ways to treat an illness."); Young, 960 F.2d at 358 n.18 (superceded by statute on other grounds)(an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983). Finally, when a physician exercises professional judgment, his behavior does not violate a prisoner's constitutional rights. Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir.1990).

Here, the allegations concerning Dr. Wilcox's treatment of Plaintiff's complaints are, at best, nothing more than Plaintiff's disagreement with the treatment offered. The motion to dismiss (Doc. 45) should, therefore, be granted.

Warden Gigliotti is not alleged to have taken part in the medical diagnosis that occurred at his facility. Nonetheless, officials may be liable under Section 1983 for the acts of those over whom they have supervisory responsibility. Supervisory liability, however, may not be premised solely upon a theory of *respondeat superior.* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Some personal involvement must be alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: participated in violating a plaintiff's rights; directed others to violate a plaintiff's rights; knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir.1995).

Further, municipal entities, like the Butler County Prison, can only be held liable if the alleged unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers . . . [or] for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1977). A custom, which lacks the formal approval of a policy, can be established by evidence showing "practices . . . so permanent and well settled as to constitute 'custom or usage' with the force of law." Id. at 691. In Simmons v. City of Philadelphia, 947 F.2d 1042 (3d Cir. 1991), cert. denied, 503 U.S. 985 (1992), for example, the court held that a municipal entity may be found liable for Section 1983 violations where "officials determined . . . to be the responsible policymakers" were aware of the alleged practice of their subordinates, as well as alternatives to such practices, and that they "either deliberately chose not to pursue these alternatives or acquiesced in a long standing policy or custom of inaction in this regard." Simmons, 947 F.2d at 1064.

In this case, the substance of Plaintiff's claim against Warden Gigliotti is found in Plaintiff's brief, not in the Amended Complaint. In his brief, Plaintiff argues that Warden Gigliotti "had knowledge of Plaintiff's medical needs and failed to react by ordering a urologist specialist" (Doc. 56, ¶3). In this respect, Plaintiff is attempting to convert his disagreement with Dr. Wilcox as to the appropriate treatment for his condition, into a complaint that the Warden should have stepped in and overridden the orders of his medical personnel. As discussed above, Plaintiff has failed to establish that the care he received from Dr. Wilcox was so deficient as to constitute deliberate indifference to his medical needs. Moreover, even if, as Plaintiff alleges, Warden Gigliotti agreed with Dr. Wilcox that a referral to a urologist was not necessary,

supervisory or municipal liability still requires an underlying constitutional violation. City of Los Angeles v. Heller, 475 U.S. 769, 799 (1986). Here, no such violation has been alleged with respect to Plaintiff's medical treatment. Therefore, the claims against Warden Gigliotti and Butler County Prison must, necessarily, fail.

Finally, Defendants Salopek and Neigh move to dismiss the claims against them, and incorporate by reference the motion and brief filed by Warden Gigliotti. Warden Gigliotti, however, does not address the claim that excessive force was applied during the November 26, 2007 cell extraction. In his Amended Complaint, Plaintiff alleges that he was "assaulted" during this confrontation. (Doc. 34, Att. 2, ¶14). Plaintiff provides further details in his brief, in which he alleges that a tazer was used on him by Officer Neigh, and that Officer Salopek beat him in the ribs while Neigh held him, all without provocation (Doc. 64, ¶¶ E, F & G). These allegations are sufficient to state an Eighth Amendment claim against Defendants Salopek and Neigh, and these are the only claims, and the only parties, that should survive the various Motions to Dismiss.

## II. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Renewed Motion to Dismiss filed by Dr. Wilcox (Doc. 45) and the Motion to Dismiss filed by Defendants Richard Gigliotti and Butler County Prison (Doc. 52) be granted, and that the Motion to Dismiss the Amended Complaint filed by Defendants Salopek and Neigh (Doc. 61) be denied. The only claims remaining in the case, therefore, would be the claims against Defendants Salopek and Neigh for use of excessive force during the November 26, 2007 cell extraction.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this report and recommendation shall be filed on or before March 23, 2009. Failure to timely file objections may constitute a waiver of any appellate rights.

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

Date:   March 4, 2009
cc:
JAMES EARL GEORGE
Butler County Prison
121 Vogeley Way
Butler, PA 16001