IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES EARL GEORGE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-189 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| RICHARD GIGLIOTTI, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion for Summary Judgment filed by Defendants Salopek and Neigh (Doc. 105) be granted.

### II. REPORT

James Earl George ("George" or "Plaintiff") is a state prisoner currently incarcerated at the State Correctional Institution at Rockview, located in Bellfonte, Pennsylvania. Defendants Salopek and Neigh are the only Defendants remaining in this case, and the sole remaining claim is that Plaintiff was assaulted on November 26, 2007, while he was a pretrial detainee at the Butler County Prison.[1] More specifically, Defendant Neigh allegedly accused Plaintiff of threatening two other inmates, "an extraction team was organized," and Plaintiff was then "assaulted by five officers." (Doc. 34-1, ¶ 14).

Defendants Salopek and Neigh have filed a Motion for Summary Judgment (Doc. 105). Attached to the Motion are affidavits from all officers involved in the November 26, 2007 incident, stating that Plaintiff necessitated a forced cell extraction by refusing to comply with orders to cuff up and be moved to another cell (Docs. 105-2, 105-3, 105-4, 105-5, 105-6 and

---

[1] The remaining Defendants' Motions to Dismiss were granted on March 18, 2009 (Doc. 89).

105-7).  Plaintiff was, thereafter, charged in state court, and later convicted of, Aggravated Assault and Simple Assault with respect to Officers Salopek, Neigh, Gamble, Seaton and Graham (Docs. 105-8, 105-9).  Plaintiff also was convicted of Resisting Arrest during the incident (Id.).

### A. Applicable Standard

A party's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial*" Fed. Rule Civ. Proc. 56(e) (emphasis added), or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.  Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  The inquiry involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id., at 251-52.

### B. Analysis.

The core judicial inquiry in addressing an excessive force claim is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992).  Hudson was an Eighth Amendment case involving convicted prisoners, but that same standard applies to pre-trial detainees where the issue is the use of force during a prison disturbance.  Fuentes v. Wagner, 206 F.3d 335, 347 (3d Cir. 2000).  A defendant is entitled to summary judgment with respect to an excessive force claim where the evidence, viewed in the light most favorable to the Plaintiff, does not support "a reliable inference of wantonness in the infliction of pain." Thomas

v. Ferguson, 361 F.Supp.2d 43, 438 (N.J.2004) (quoting Whitley v. Albers, 475 U.S. 312, 322 (1986)).  The central inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002).

In this case, Plaintiff is collaterally estopped from challenging the facts underlying his criminal conviction.  Grier v. Scarpine, 2008 WL 65586, *5 (W.D.Pa., March 5, 2008) (McVerry, J.) (citing cases).  Therefore, Plaintiff cannot contest that he:  (1) resisted arrest causing the confrontation in this case; and (2) he assaulted all of the officers as they attempted to obtain cooperation from Plaintiff in moving to a new cell.  In light of these facts, Officers Salopek and Neigh were clearly engaged in a "good-faith effort to maintain or restore discipline" when they applied force.  Further, there is no evidence from which a fact finder could conclude that either Defendant acted "maliciously or sadistically to cause harm." Mensinger, supra. Defendants are, therefore, entitled to summary judgment.

## II. CONCLUSION

For the foregoing reasons it is respectfully recommended that the Motion for Summary Judgment filed by Defendants Salopek and Neigh (Doc. 105) be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.D.2, objections to this report and recommendation are due on or before February 26, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.


Date:   February 12, 2010            s/Cathy Bissoon
                                     CATHY BISSOON
                                     UNITED STATES MAGISTRATE JUDGE


3

cc:
JAMES EARL GEORGE
HY-4593
S.C.I. Rockview
Box A
Bellefonte, PA 16823